# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
SHERYL LONGIN,                        *
                                      *     No. 17-93V
                    Petitioner,       *     Special Master Christian J. Moran
                                      *
v.                                    *     Filed: July 29, 2021
                                      *
SECRETARY OF HEALTH                   *     Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
                    Respondent.       *
* * * * * * * * * * * * * * * * * * ** *
```

<u>Ronald C. Homer</u>, Conway, Homer, P.C., Boston, MA, for Petitioner;
<u>Sarah C. Duncan</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Sheryl Longin's motion for final attorneys' fees and costs. She is awarded **$62,202.02**.

\*       \*       \*

On January 23, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine she received on October 30, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer a shoulder injury related to vaccine administration. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On September 23, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day.

On January 29, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $56,006.60 and attorneys' costs of $6,491.88 for a total request of $62,498.48. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs in the amount of $403.54 related to the prosecution of her case. Id. On February 11, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Mr. Joseph Pepepr, Mr. Patrick Kelly, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates are reasonable.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable. However, a minor amount of time was billed for administrative tasks such as filing documents and downloading those filed documents. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

3

Additionally, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

To offset these issues, the undersigned finds a reduction of $700.00 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a punitive aspect to offset the increased use of judicial resources necessary to address these repetitive issues. Accordingly, petitioner is awarded final attorneys' fees of $55,306.60.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $6,491.88 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and work performed by petitioner's medical expert, Dr. Marko Bodor. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

Additionally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs in the amount of $403.54 for the Court's filing fee and postage. These costs are reasonable and supported by documentation and shall be fully reimbursed.

E.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$61,798.48** (representing $55,306.60 in attorneys' fees and $6,491.88 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Ronald Homer; and

2) a total of **$403.54**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.